IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Douglas Hall, | ) | C/A No.: 7:11-266-MBS-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| James Johnson and John Sherfield, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

      Plaintiff Douglas Hall, a pretrial detainee in the jail in Union County, South Carolina, brings this civil action *pro se* pursuant to 42 U.S.C. § 1983 seeking money damages and injunctive relief. Plaintiff sues two Defendants with the Union County Sheriff's Office for defamation of character and harassment. In his statement of claim, Plaintiff alleges the following:

> On April 29, 2010, [I] was staying at the Palmetto Inn Motel. Around 1:00 p.m. [I] was leaving room 230 [and] as [I] round[ed] the corner, Lt. John Sheriff [Sherfield] and Sgt. James Johnson [approach] me [and] without probable cause started searching me right outside in front of numerous people coming [and] going. Then they continue to my room [where] my girlfriend [and] daughter were [and] search my room without any search warrant. I call a Capt. James McNeil who is in charge of Lt. Sherfield [and] Sgt. Johnson the same day [and] told him about the incident [and] he never got back with me. I ended up getting [kicked] out of Palmetto Inn behind there negligent along with my girlfriend [and] her daughter. Lt. Sherfield [and] Sgt. Johnson are employed by the Union County Sheriff Office who [I'm] currently is in jail on charges that relates to my continuing harassment from these two police officers.

Compl. at 3 [Entry #1]. Plaintiff seeks money damages and to have both Defendants fired from their jobs.

I.      Standard of Review

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review this Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action *in forma pauperis,* pursuant to 28 U.S.C. § 1915. This statute authorizes the court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). However, even under this less stringent standard, a portion of the *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

II.  Discussion

It appears that Plaintiff filed this action because he believes that his constitutional rights have been violated which would satisfy federal question subject matter jurisdiction. Plaintiff's allegations of defamation, however, do not state a cognizable constitutional claim which may be pursued under 42 U.S.C. § 1983.  Defamation is the "act of harming the reputation of another by making a false statement to a third person."  *Black's Law Dictionary* (9th ed. 2009).  Civil rights statutes, such as 42 U.S.C. § 1983, do not impose liability for violations of duties of care arising under a state's tort law.  *DeShaney v. Winnebago Cnty. Dep't of Soc. Serv.*, 489 U.S. 189, 200–203 (1989).  It appears that Plaintiff is suing Defendants because he believes they allegedly defamed his character on April 29, 2010, when they searched him outside of the Palmetto Inn in front of other people.  Plaintiff alleges Defendants defamed him by entering Plaintiff's motel room and searching it in front of his girlfriend and her daughter.  Plaintiff alleges that Defendants lacked probable cause or a search warrant such that the searches were unlawful and impliedly embarrassed Plaintiff.  A person who is defamed by a government official who acted under color of law, "standing alone and apart from any other governmental action with respect to him," cannot state a claim for relief under 42 U.S.C. § 1983 and the Fourteenth Amendment.  *Paul v. Davis*, 424 U.S. 693, 694 (1976).  Harm to a person's reputation does not deprive him of any "liberty" or "property" interests protected by the Due Process Clause.  *Id.*  The rule is sometimes referred to as the 'stigma-plus' standard, which requires Plaintiff to demonstrate that a government official's conduct deprived him

3

of a previously recognized property or liberty interest in addition to damaging Plaintiff's reputation. *See Cypress Ins. Co. v. Clark*, 144 F.3d 1435, 1436–37 (11th Cir. 1998) (citing *Paul*, 424 U.S. at 712). The court finds that Plaintiff's allegations of defamation do not state a claim on which relief may be granted for a violation of the Constitution. Additionally, if Plaintiff intends to state state law tort claims for negligence and defamation against Defendants, this court does not have original diversity jurisdiction over Plaintiff's claims, as it appears that all parties are domiciled in South Carolina; thus, complete diversity of parties is lacking. *See* 28 U.S.C. § 1332(a).

Plaintiff's allegation that he is suing for "harassment" is somewhat unclear, but it appears Plaintiff must be suing for malicious prosecution. Plaintiff admits that he is in the Union County jail on criminal charges related to Defendants' alleged misconduct. If Plaintiff is attempting to halt or void the criminal charges pending against him, this court should abstain from interfering with the pending state charges. A federal court may not award injunctive relief that would affect pending state criminal proceedings absent extraordinary circumstances. In *Younger v. Harris*, the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger v. Harris*, 401 U.S. 37, 43–44 (1971). From *Younger* and its progeny, the Fourth Circuit has culled the following test to determine when abstention is

appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). In this case, Plaintiff is clearly involved in an ongoing state criminal proceeding. The second criterion has been addressed by the Supreme Court: "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). With regard to the third criterion, the court has noted "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). Plaintiff should be able to vindicate his federal constitutional rights in the state proceedings, such as whether the searches were unlawful. Therefore, it is recommended that this court abstain on Plaintiff's harassment claim.

    Moreover, if Plaintiff is suing Defendants for money damages based on a malicious prosecution claim, such a claim may be cognizable under § 1983 if the Fourth Amendment to the United States Constitution encompasses a malicious prosecution claim. *See Wallace v. Kato*, 549 U.S. 384, 390 n.2 (2007). However, one element of a malicious prosecution claim is that the criminal proceedings have terminated in the

5

plaintiff's favor. *Id.* at 392 (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)); *Brooks v. City of Winston-Salem*, 85 F.3d 178 (4th Cir. 1996). Plaintiff has not alleged that the state criminal charges against him have been resolved in his favor, such that a malicious prosecution claim appears to be premature. Therefore, with respect to a malicious prosecution claim, Plaintiff has failed to allege a claim on which relief may be granted.

III.    Recommendation

For the foregoing reasons, it is recommended that the district judge dismiss this action without prejudice and without service of process.

IT IS SO RECOMMENDED.

*/s/ Shiva V. Hodges/*

March 9, 2011                                          Shiva V. Hodges
Florence, South Carolina                               United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**