IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Douglas Hall, ) | |
| ) | C/A No. 7:11-0266-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| James Johnson, John Sherfield, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Douglas Hall currently is detained at the Union County Detention Center in Union, South Carolina. Plaintiff, proceeding pro se, filed a complaint on February 2, 2011, alleging that Defendants Johnson and Sherfield of the Union County Sheriff's Department approached him without probable cause and started to search him "right outside in front of numerous people coming & going." Compl. 3 (ECF No. 1). Plaintiff contends that he has been subjected to defamation of character and harassment. Id. at 2.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. §§ 1915 and 1915A. On March 10, 2011, the Magistrate Judge issued a Report and Recommendation in which she determined that Plaintiff's claim for defamation is not a cognizable constitutional claim that could be pursued under 42 U.S.C. § 1983. The Magistrate Judge also noted that, to the extent Plaintiff seeks to state a state law tort claim, the court lacks diversity jurisdiction, as required by 28 U.S.C. § 1332(a).

The Magistrate Judge further construed Plaintiff's claim for harassment as an action for malicious prosecution. The Magistrate Judge noted that, to the extent Plaintiff was attempting to halt or void the criminal charges against him, the court is barred by Younger v. Harris, 401 U.S. 37

(1971) from interfering with state criminal proceedings absent extraordinary circumstances. The Magistrate Judge further noted that any claim for damages for malicious prosecution, assuming it is cognizable under § 1983, would be premature under Heck v. Humphrey, 512 U.S. 477 (1994). Accordingly, the Magistrate Judge recommended that the case be summarily dismissed. Plaintiff filed objections to the Report and Recommendation on March 18, 2011.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

In his objections, Plaintiff states that the within action is not an attempt to avoid prosecution or to have the federal court interfere in his on-going criminal case. Rather, Plaintiff claims that Defendants "defame[d] me"and "assassinated my character & made me look like a drug dealer so in turn i end up getting put out [of my motel room]." Objection to R&R (ECF No. 14). As the Magistrate Judge properly noted, however, the court lacks diversity jurisdiction over a state law cause of action for defamation, as it appears that all parties are citizens and residents of South Carolina. See 28 U.S.C. § 1332(a) (providing that a federal district court has original jurisdiction of civil actions between citizens of different states where the matter in controversy exceeds $75,000).

The court has carefully reviewed the record. The court adopts the Report and Recommendation and incorporates it herein by reference. For the reasons stated hereinabove and

2

in the Report and Recommendation, Plaintiff's complaint is summarily dismissed, without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

June 6, 2011

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order
pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**